**Clinton Cleo HUGGINS, Petitioner,**

v.

**The STATE of Oklahoma, and Robert R. Raines, Warden Oklahoma State Penitentiary, Respondents.**

**No. A–13184.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1964.

Fred Cunningham, Hobart, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondent.

## PER CURIAM.

On the 23rd day of May, 1962, this Court entered an opinion in the Consolidated Cases of No. A–13,180 and No. A–13,184, wherein petitioner Clinton Cleo Huggins sought a Writ of Mandamus directing the District Court of Kiowa County to furnish a transcript of the proceedings in District Court Case No. 2243. A transcript of said proceedings having been provided petitioner by the Respondent, District Court of Kiowa County, the question raised in Mandamus Proceeding was moot.

The petitioner's application for release from confinement in the consolidated application for Habeas Corpus, alleged that he was unlawfully confined in that his constitutional right to be represented by counsel was denied him by the trial court.

This Court denied the relief prayed for in an opinion styled, Clinton Cleo Huggins, Petitioner v. Robert R. Raines, Warden Oklahoma State Penitentiary, Respondent, No. A–13,184, consolidated with Clinton Cleo Huggins, Petitioner v. The District Court of Kiowa County, Oklahoma No. A–13,180. Okl.Cr., 372 P.2d 248.

Thereafter on the 10th day of June, 1963, the Supreme Court of the United States,

in case No. 251, Misc. and styled, Clint Huggins, Petitioner v. Robert R. Raines, Warden, 374 U.S. 105, 83 S.Ct. 1688, 10 L.Ed.2d 1027, entered the following memorandum opinion:

"On Petition for Writ of Certiorari to the Court of Criminal Appeals of Oklahoma.

"June 10, 1963. PER CURIAM. The motion for leave to proceed in forma pauperis and the petition for writ of certiorari are granted. The judgment is vacated and the case is remanded to the Court of Criminal Appeals of Oklahoma for reconsideration in light of Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70."

On the 16th day of July, 1963, Judgment in Clinton Cleo Huggins, Petitioner v. Robert R. Raines, Warden, Respondent, having been vacated by order of the Supreme Court of the United States, as above set forth, this Court entered the following order:

"RE: HUGGINS V. RAINES, WARDEN OKLAHOMA COURT OF CRIMINAL APPEALS NUMBER A–13,184.

"TO: THE JUDGES IN AND FOR THE THIRD JUDICIAL DISTRICT OF THE STATE OF OKLAHOMA; THE WARDEN OF THE OKLAHOMA STATE PENITENTIARY, McALESTER, OKLAHOMA; and the SHERIFF OF KIOWA COUNTY, OKLAHOMA.

"GREETINGS:

"WHEREAS, the Supreme court of the united states on June 10, 1963, entered an order vacating judgment rendered in Huggins v. Raines, No. A–13,184, and remanded this cause for proceedings consistent with Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 and Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, and;

"WHEREAS, in order to comply with the authorities above cited, it will be necessary that the petitioner, Clinton Cleo Huggins, be returned to the jurisdiction of the District Court of Kiowa County, in order that a hearing be conducted to determine whether said petitioner was advised of his constitutional right to be represented by counsel, knew and understood the charges pending against him, and was capable of waiving these rights, and did waive same;

"NOW THEREFORE, IT IS THE ORDER OF THIS COURT that the District Court of the Third Judicial District appoint counsel for petitioner, conduct a hearing and judicially determine whether the petitioner's constitutional rights to Due Process of Law were violated; transmitting forthwith the record and findings to the Court of Criminal Appeals.

"IT IS FURTHER ORDERED that the Warden of the State Penitentiary at McAlester deliver the said Clinton Cleo Huggins to the custody of the Sheriff of Kiowa County. Said Sheriff is directed to proceed to the State Penitentiary at McAlester and receive into custody the said Clinton Cleo Huggins and return said prisoner to the County jail of Kiowa County, retaining him in custody until further order of the Court of Criminal Appeals.

"WITNESS MY HAND and the seal of this Court, on this, the 16th day of July, 1963.

"HEZ J. BUSSEY, PRESIDING JUDGE

"ATTEST:

ANDY PAYNE, CLERK

In accordance with this order and on the 17th day of August 1963, a hearing was

held in the District Court of Kiowa County, wherein Clinton Cleo Huggins appeared, represented by Mr. Fred Cunningham, and the State appeared by and through its duly qualified County Attorney, Mr. Paul C. Braun. At the conclusion of the hearing, the Honorable Weldon Ferris entered the following Finding of Fact, and Ruling of the Court:

"THE COURT: Gentlemen, there has been a lot of testimony at this hearing that wasn't germane with what was sent down by the Court of Criminal Appeals directing that Clinton Cleo Huggins be returned to the District Court of Kiowa County to determine whether said petitioner was advised of his constitutional right to be represented by counsel, knew and understood the charges pending against him, and was capable of waiving these rights, and did waive the same. This is the purpose of the hearing we had here this morning.

"MR. CUNNINGHAM: I might point out that this man knows what his condition was. He was nervous and scared.

"THE COURT: You might let the record show that the court remembers that he advised this defendant of the seriousness of the charge against him, of his right to be represented by an attorney, and told him that the Court would appoint an attorney to represent him without cost to him if he wanted a lawyer. He indicated affirmatively to the Court that he did not want a lawyer.

"The Court had quite a considerable conversation with this man. It is the Court's opinion that he knew and understood the charges pending against him, was capable of waiving his right to an attorney, and did waive his right to the same.

"The Court doesn't find from the evidence that he was abused or mistreated

or threatened at any time in any way in Kiowa County. His appearance and demeanor before this Court indicated that he knew what he was charged with and understood what his rights were.

"The Court will direct that this proceeding be transcribed by the Court Reporter and returned to the Court of Criminal Appeals, and that the prisoner be retained in Kiowa County jail until further order of the Court of Criminal Appeals of this State; that the cost of said transcript be paid for from the court fund of Kiowa County."

■ We have carefully examined the record and transcript originally filed in Case No. 2243, together with the record and transcript of testimony adduced on the hearing on the 17th day of August, 1963, in the District Court of Kiowa County, and are of the opinion that the Findings of the Trial Court are amply supported by the record; that the requirements of the law as set forth in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, and Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; have been fully complied with.

■ In arriving at this conclusion, we direct that in all cases where an accused, not represented by counsel, enters a plea of guilty and is sentenced on that plea by the trial judge, the record of the trial proceeding must affirmatively show that the accused knows and understands the nature of the charge against him, and the punishment that can be imposed therefor; knows and understands his constitutional right to be represented by counsel; knows and understands his right to be represented by Court appointed counsel, if he is unable to employ the same; knows and understands his right to a trial by Jury. And if the accused does not desire to be represented by counsel of his own choice or Court appointed counsel and has entered a plea of guilty of his own free will and accord, with a full and intelligent understanding of the nature of such waiver, and of the

consequences of such plea in this connection. For as was said in Gideon v. Wainwright, supra:

"The provision in the Sixth Amendment that in all Criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense requires that in Federal Courts counsel must be provided for defendants unable to employ counsel unless the right is competently and intelligently waived."

"A provision of the Bill of Rights which is fundamental and essential to a fair trial is made obligatory upon the states by the Fourteenth Amendment; the Sixth Amendment's guaranty of counsel is one of these fundamental rights."

And further in Carnley v. Cochran, supra:

"Presuming waiver of counsel from a silent record is impermissible. To sustain a claim that counsel was waived, the record must show, or there must be an allegation and evidence which show, that the accused was offered counsel but intelligently and understandingly rejected the offer."

It is suggested that if there is the slightest doubt in the mind of the trial judge, that the accused is capable of knowing and understanding his rights as above set forth, and capable of waiving these rights, the Court should forthwith appoint counsel allowing a sufficient length of time for said counsel to confer with the accused and examine and investigate the pleadings, facts, and circumstances surrounding the alleged crime, of which the accused stands charged, before entering a plea of guilty.

The sheriff of Kiowa County is directed to return the prisoner to the authorities of the State Penitentiary at McAlester, Oklahoma, and the Warden of said Institution is directed to confine said Clinton Cleo Huggins under the authority of the Judgment and Sentence entered by the District Court of Kiowa County, in District Court Case No. 2243, and to hold said Clinton Cleo Huggins, until he has served said Judgment and Sentence or is otherwise discharged by process of law.

Writ denied.