**Howard ALLEN, Petitioner,**

v.

**The STATE of Oklahoma, and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–13444.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1964.

Howard Allen, McAlester, pro se.

Charles Nesbitt, Atty. Gen., Jack Swidensky, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

This is an application for Habeas Corpus instituted by Howard Allen on the 8th day of October, 1963, whereby he seeks his release from confinement in the State Penitentiary at McAlester, Oklahoma.

Petitioner's sole contention is that he was denied his constitutional right to due process of law when he was tried by Jury without the aid of counsel in the District Court of Pittsburg County in Case No. 4818.

In the response filed by the State, the Attorney General admits that said petitioner is currently confined under the authority of a Judgment and Sentence in case No. 4818, whereby the petitioner was sentenced to serve a term of Five (5) years in the State Penitentiary at McAlester, Oklahoma, for the offense of Escape; and which Judgment and Sentence was commenced under authority and by virtue of an Order of the United States District Court for the Eastern District of Oklahoma; the pertinent part providing:

" * * * It is further ordered that the Warden of the Oklahoma State Penitentiary at McAlester, Oklahoma, hold, incarcerate and detain Howard Allen under and by virtue of the judgment and sentence imposed in Pittsburg County, State of Oklahoma, Case No. 4818. It is further the order of this Court that the Judgment and sentence of Pittsburg County, State of Oklahoma, be commenced from the 27th day of August, 1963, and that the petitioner, Howard Allen, be incarcerated under said judgment and sentence from that date. Dated this 16th day of September, 1963."

The State specifically denies that the petitioner was denied his constitutional right to be represented by counsel and in support thereof has attached to the response the following minutes of the court.

"IN THE DISTRICT COURT PITTSBURG COUNTY, STATE OF OKLAHOMA.
STATE OF OKLAHOMA
vs
Howard Allen          Case #4818
*MINUTES OF THE COURT AND VERDICT BY: JURY*
Court convenes at 9:A.M. State appearing by County Atty. Tom G. Haile And Fred Whetsel, Asst. Co. Atty. and Defendant appearing in person and Deft. declining appointment of atty. by Court the following Jurors are selected to try cause.

| | |
|---|---|
| W. M. Duvall | D. A. Heard |
| Nick Payne | James Duca |
| Glenn Stafford | M. E. Hall |
| Ed Lyon | A. E. Davis |
| J. B. Hamilton | P. S. Cargile |
| Guy L. Keltner | C. D. Marshall |

County Atty. makes Statement of cause to Jury—Deft. makes Statement to Jury.

Witnesses are sworn

State puts on its evidence and rests.

Defendant puts on his evidence and rests and both sides close—

Instructions are read to Jury

Tom G. Haile, Co. Atty. makes argument to Jury—Defendant declines argument to Jury.

Jury retires for deliberations at 11:05 A.M.

At 11:30 Jury returns into open court the following verdict which is in words and figures as follows:

We, the Jury, drawn, impaneled and sworn in the above entitled cause, do upon our oaths find the Defendant Howard Allen, guilty as charged in the information and fix his punishment at 5 years in State Penitentiary.

D. A. Heard, Foreman

Which verdict is by the Court ordered received and filed and the Jury discharged from further consideration of the cause.

Sentence Day is set for Dec. 14, 1946 "

██ There is nothing in the record before us but the unverified allegation of petitioner that the respondent was denied his right to be represented by counsel, but to the contrary, the records of the District Court as above set forth affirmatively show that the petitioner waived his right to be represented by counsel.

■ Under these circumstances we follow the rule that:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States * * * have been fully complied with an application for Habeas Corpus will be Denied." (Huggins v. State, Okl.Cr., 388 P.2d 341)

For the reason above set forth the Writ prayed for is denied.

Writ denied.

JOHNSON, P. J., and NIX, J., concur.