**Eugene STETNISH, Petitioner**

v.

**The STATE of Oklahoma, and Joe Harp, Warden, Oklahoma State Reformatory, Granite Oklahoma, Respondents.**

No. A–13437.

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1964.

**650**

Garrett & Garrett, James P. Garrett, Mangum, for petitioner.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Judge:

This is an original proceeding in Habeas Corpus by the petitioner, Eugene Stetnish, seeking his release from confinement in the Oklahoma State Reformatory at Granite, Oklahoma.

Petitioner alleges he is unlawfully imprisoned in that he appeared in the District Court of Kingfisher County without benefit of counsel, that he was a minor, and incapable of making his own defense because of immature youthfulness; and was not familiar with courtroom procedure.

From an examination of the record before us, we find this testimony of the proceedings:

"BY THE COURT: Let the record show that the defendant is present and with his parents.

"Your true name is Eugene Stetnish?

"A. That is right, sir.

"BY THE COURT: Let the record show that the defendant answers to his true name as charged.

"Very well, you may read the Information, Mr. County Attorney.

"Thereupon, the County Attorney, Mr. Falkenstine, reads the Information in this case in open court, to the defendant, Eugene Stetnish.

"BY THE COURT: (After reading of Information) Eugene Stetnish, you have heard the Information read by the County Attorney, wherein you are charged with larceny of an automobile; do you have a lawyer to represent you?

"BY THE DEFENDANT: No, sir, I do not.

"BY THE COURT: It is the duty of the court to advise you that you have a right to have a lawyer to represent you and to advise you of your rights under this charge, and to try this case for you, either to the Court or to a jury, as you may wish. Do you understand that you have a right to have a lawyer

to try this case for you, and to advise you of your rights in every respect?

"BY THE DEFENDANT: Yes, sir.

"BY THE COURT: Do you contemplate employing an attorney?

"BY THE DEFENDANT: I don't know the meaning of the word 'contemplate'.

"BY THE COURT: Well, do you figure on employing a lawyer to represent you in this case?

"BY THE DEFENDANT: O, no, sir.

"BY THE COURT: Mr. Stetnish, senior, and Mrs. Stetnish, you have heard me advise your son here that he has a right to have a lawyer represent him, to have a lawyer to advise him of of his rights, and to try this case to a jury, or to waive a jury and try it to the court. Do you folks contemplate employing an attorney for your son?

"MR. STETNISH (senior): No, sir.

"BY THE COURT: And do you understand further,—and the court advises you, Eugene Stetnish, and you folks, as his parents, that if you don't have any money to employ a lawyer that the Court will appoint a lawyer to represent him, to try this case, to advise him and counsel with him, without cost to Eugene; do you understand that?

"BY MR. STETNISH: Yes, sir.

"MRS. STETNISH: Yes, sir, we do.

"BY THE COURT: Have you talked this over with your son?

"BY MR. STETNISH: Yes, we have.

"BY THE COURT: And have you decided that you were going to employ counsel, or not?

"MR. STETNISH: No, sir, we are not.

"BY THE COURT: You do not want the Court to appoint counsel?

"MR. STETNISH: No, sir, we will waive that.

"BY THE COURT: Is that your desire, Eugene Stetnish?

"BY THE DEFENDANT: Yes, sir.

"BY THE COURT: That the Court do not appoint counsel to represent you?

"BY THE DEFENDANT: Yes, sir.

"BY THE COURT: Very well; let the record show that the defendant states he does not wish counsel.

"Do you wish to enter a plea at this time?

"BY THE DEFENDANT: Yes, sir.

This Court is of the opinion that the trial judge went to great detail to be sure the petitioner and his parents understood every phase of the proceedings. If every such proceeding in the state were handled with such meticulous care, *no* defendant would be before this Court contending that his Constitutional rights were violated.

Further, this was not the petitioners first contact with a court room. The record further reveals a suspended sentence from Comanche County, and a charge pending in Garfield County.

In a recent decision of this Court, Huggins v. State, Okl.Cr., 388 P.2d 341, handed down January 8, 1964, it was held:

*"Where the record affirmatively shows* that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and application for Habeas Corpus will be Denied." (Emphasis ours)

Since the record speaks for itself in this cause, the writ is accordingly denied.

JOHNSON, P. J., and BUSSEY, J., concur.