**Wilford Eugene BROWN, Petitioner,**

**v.**

**The STATE of Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–13633.**

Court of Criminal Appeals of Oklahoma.

April 7, 1965.

Wilford Eugene Brown, pro se, petitioner.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Judge:

This is an original proceeding filed by the petitioner, Wilford Eugene Brown, in which he seeks a Writ of Habeas Corpus for his release from Oklahoma State Penitentiary. He alleges that his confinement is illegal as he was "cajoled" into signing a "Waiver to Rights of an Attorney", and should, therefore, be released.

The record shows that petitioner was charged in the Superior Court of Comanche County in case #C–1592 with the crime of Forgery Second Degree. The judgment and sentence shows that petitioner plead guilty to that charge and received Three Years in the penitentiary. It further shows:

"* * * and thereupon said information was read to said defendant, Wilford Eugene Brown, *and the Court explained fully to him the nature and cause of accusation against him, and the consequences of his plea and also all his rights, including his right to counsel,* to trial by jury and time in which to plead and he states to the court that he desires to *voluntarily waive his said rights* to trial by jury, to counsel and as to time and desires to enter his plea at this time and he was then asked by the Court whether he is guilty or not guilty of the crime charged in said Information. And thereupon, the said Wilford Eugene Brown, defendant in said cause, *voluntarily and in open Court says he is guilty of the crime of Forgery Second Degree."* (Emphasis Ours)

Inasmuch as the record clearly shows the defendant waived his right to counsel, voluntarily, this Court will follow the rule adopted in the case of Huggins v. State, Okl.Cr., 388 P.2d 341:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and application for Habeas Corpus will be denied."

The Writ is accordingly denied.

BUSSEY, P. J., and BRETT, J., concur.