Otis F. TOWNSEND, Petitioner,

v.

The STATE of Oklahoma, Respondent.

No. A–13853.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1966.

Otis F. Townsend, pro se.

Hugh H. Collum, Asst. Atty. Gen., for respondent.

NIX, Judge.

Otis F. Townsend, petitioner herein, has filed an application for Post-Conviction Appeal, alleging that he was shocked into mental incompetency, and therefore entered a plea of Guilty in the District Court of Pottowatomie County to the charge of Child Abandonment, and was sentenced to Five Years in the penitentiary on October 23, 1964, without benefit of counsel.

This Court has carefully examined the record of the proceedings, and the trial judge stated:

"THE COURT: Mr. Townsend, day before yesterday you appeared before the court and the court advised you of your right to counsel. You told me at that time you were 34 years of age and that you had had some previous court experience. You told me you didn't want a lawyer, is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: All right. You still take that same attitude?

DEFENDANT: Yes sir.

THE COURT: All right. You understand, of course, that you are entitled to a lawyer? I mean poverty should not be an excuse. The Court can provide counsel for you.

THE DEFENDANT: Yes, sir.

THE COURT: You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And you still don't want a lawyer?

THE DEFENDANT: No, sir."

The trial court further instructed the defendant about the sentence he would receive on his plea of guilty, and he stated he was in agreement.

This Court has held repeatedly, that where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states, have been fully complied with, and application for habeas corpus will be denied.

Writ denied.

BUSSEY, P. J., and BRETT, J., concur.