Melvin Lewis HANSON, Petitioner,

v.

STATE of Oklahoma (Atoka County Case No. 2998), Respondent.

No. A–13877.

Court of Criminal Appeals of Oklahoma.

May 25, 1966.

Melvin Lewis Hanson, pro se.

BUSSEY, Presiding Judge.

This is an original proceeding in which Melvin Lewis Hanson seeks his release from confinement in the State Penitentiary at McAlester, Oklahoma, wherein he is currently confined by virtue of a judgment rendered against him on his plea of guilty in Atoka County District Court Case No. 2998.

The petitioner alleges that he was denied the right of counsel and induced to enter a plea of guilty on the representation that the trial judge would grant him a suspended sentence. Petitioner asserts that the trial judge had so advised his wife, Mrs. Lynn Hanson. Refuting these allegations are the following affidavits and minutes of the Court. The affidavit of the then Atoka County Attorney, W. H. Parker, is as follows:

"* * * W. H. Parker, being duly sworn, upon his oath deposes and says:

I am the duly qualified and acting County Attorney of Atoka County, State of Oklahoma. I filed the above charge against the defendant, Melvin Hanson, for forgery.

He stayed in jail three or four days after he was bound over by the Examining Magistrate and one day I was down at the Sheriff's office and he told me he wanted to go before the District Judge and enter a plea of guilty on this charge. Then I saw Judge Fishel and arranged to have him in the court room, and the sheriff brought him up and he voluntarily entered a plea of guilty, without any offer of clemency on my part. I might add that when he was first arraigned before the Examining Magistrate on this charge he there entered a plea of guilty.

/s/ W. H. Parker

Subscribed and sworn to before me this the 3rd day of January, 1966.

/s/ Joy Surrell
Court Clerk,
Atoka County, Okla."

(SEAL)

The affidavit of Mrs. Lynn Hanson, wife of petitioner, recites the following:

"* * * Lynn Hanson, being first duly sworn upon oath says; I am the wife of Melvin Hanson. It has been reported to me that he has told or written officials that I told him that Judge Fishel who sentenced him told me if he would plead guilty that he (the Judge) would give him a suspended sentence.

Judge Fishel did not tell me this and neither did I tell Melvin Hanson anything of the kind. I told him he knew whether

he was guilty or not and to use his judgment and he did.

/s/ Lynn Hanson

Subscribed and sworn to before me this the 3rd day of January, 1966.

/s/ W. H. Parker
Notary Public"

(SEAL)
My Commission expires:
April 13, 1967.

The minutes of the Court Clerk of Atoka County reflect that:

"State of Oklahoma vs. Melvin Hansen, No. 2998 Atoka County DC
8–10–65 Docket Fee
"   "   " Litigation fee
"   "   " Reporter's fee
"   "   " File & record Order Binding over.
"   "   " File & record Information.
8–18–65 Let the record show that the defendant appeared in person and after the reading of the Information and being advised of his constitutional rights, and specifically waiving his right to counsel to represent him, enters a plea of guilty to the commission of the crime of forgery in the 2nd degree. It is the judgment and sentence of this Court that you, Melvin Hanson, be sentenced to serve a term of three (3) years in the State Penitentiary at McAlester, Oklahoma, and that your sentence shall begin upon your delivery to the Warden at McAlester, Oklahoma.
"  18  " Issue, file & record J & S.
"  24  " File copy of J & S with Sheriff's Return
"   "   " File receipt from O.S.P.
"   "   " County fee."

From the foregoing affidavits and minutes of the Court, it is clear that the defendant freely and voluntarily entered a plea of guilty without coercion, promise or duress, with full knowledge of the nature and consequence of such plea. We have repeatedly held that:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and application for Habeas Corpus will be Denied."

Huggins v. State, Okl.Cr., 388 P.2d 341.

The writ prayed for is accordingly denied.

NIX and BRETT, JJ., concur.

