Henry JACKSON, Petitioner,

v.

**DISTRICT COURT OF WASHITA COUN-TY, Oklahoma, Respondents.**

No. A–13890.

Court of Criminal Appeals of Oklahoma.

June 8, 1966.

Henry Jackson, pro se.

Weldon Ferris, District Judge, Washita County, respondents.

NIX, Judge.

This is an original proceedings filed in this court by the petitioner, Henry Jackson for a Writ of Habeas Corpus. He alleges he was coerced into entering a plea of guilty without counsel in Washita County District Court cases #1103 and #1104 for Grand Larceny, a Second and Subsequent Offense. He received a Ten Year sentence in each case on July 5, 1956, and is presently incarcerated in the penitentiary.

This Court ordered a Response to be filed by the District Judge, and the Honorable Weldon Ferris immediately complied with the request, by filing a copy of the information, judgment and sentence, court minutes, and a personal affidavit, which states, in part:

"That I was District Judge of this Court on July 5, 1956, at which time Henry Jackson appeared before the Court for arraignment on two charges of grand larceny, a second and subsequent offense; the County Attorney read the information in each case and defendant admitted that his true name was stated in the Information, that in each case the Court advised the defendant, who was of lawful age, that he was entitled to a jury trial and that the Court would appoint an attorney to represent him if he wanted an attorney

and was unable to employ the same; that he was entitled to forty-eight hours additional time if he wanted this time before entering his plea; that he waived his right to a jury, his right to an attorney, and his right to additional time before entering his plea in each case; that he entered a plea of guilty in each case; that because these offenses were second and subsequent offenses he was sentenced to serve a term of Ten Years in the State Penitentiary at McAlester, Oklahoma, in each case, and that the cases would run consecutively and not concurrently; That this affiant states and believes that Henry Jackson escaped from the penitentiary and remained away for an unknown period of time which has probably prevented him from being considered for a parole before this time."

This Court has checked petitioner's record, and find that he did escape the penitentiary on December 23, 1956. Whether or not this is the reason he has not been paroled would have to be taken up with the Pardon and Parole Board. This Court only considers whether or not the petitioner was denied any of his Constitutional rights. It is obvious from the record that he was not.

Huggins v. State, Okl.Cr., 388 P.2d 341, states:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states, have been fully complied with an application for Habeas Corpus will be Denied."

Petitioner's application for Writ of Habeas Corpus is accordingly denied.

BUSSEY, P. J., and BRETT, J., concur.