Harvey E. WHITESIDE, #70786, Petitioner,

v.

The DISTRICT COURT OF JACKSON COUNTY, Oklahoma, Ray Page, Warden, State Penitentiary, Respondents.

No. A–14013.

Court of Criminal Appeals of Oklahoma.

Oct. 26, 1966.

Harvey E. Whiteside, pro se.

Weldon Ferris, District Judge, and Loys Criswell, County Atty., Jackson County, respondents.

NIX, Judge:

This is an original proceedings filed by the petitioner, Harvey E. Whiteside, for a Writ of Habeas Corpus, alleging that he is confined in the Oklahoma State Penitentiary illegally; in that he was not ade-quately informed of his rights when he entered a plea of guilty to a charge of Murder, and that he was not represented by counsel at all stages.

This cause was filed in this Court on June 6, 1966, and set for hearing on July 13, 1966. This Court ordered the District Court of Jackson County to file a response on or before September 2, 1966. Said response, along with affidavits, and copies of the court records were forwarded to this Court by the Honorable Weldon Ferris, District Judge of Jackson County, and received by the Clerk of this Court on September 2, 1966. The Response, the District Court Minute, the Affidavit from John S. Kerr, Attorney for Petitioner, and the Affidavit from Loys Criswell, County Attorney are hereby attached to this opinion and made a part thereof.

From these documents, it is clear that the petitioner knew and understood his actions and the consequences of entering a plea of guilty, and that he was advised and represented by able counsel.

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and application for Habeas Corpus will be Denied." Huggins v. State, Okl.Cr., 388 P.2d 341.

The record in the instant cause speaks for itself. The Writ is accordingly denied.

BUSSEY, P. J., and BRETT, J., concur.

# IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF OKLAHOMA

HARVEY E. WHITESIDE, #70786,

Petitioner,

vs.

A-14,013

THE DISTRICT COURT OF JACKSON
COUNTY, OKLAHOMA,

Respondent.

## RESPONSE

This is to certify that I, Weldon Ferris, was District Judge at Altus, Oklahoma, on September 18, 1964, and had been such District Judge since January, 1946.

Upon being advised that Harvey E. Whiteside was charged by Complaint in the Justice of the Peace Court of Joe E. Hurley with the offense of murder, I contacted John S. Kerr, a member of the Jackson County Bar, of the firm of Kerr and Kerr, Attorneys, and told him that I was appointing him to represent Harvey E. Whiteside in his preliminary hearing and if he was bound over to District Court to represent him at his arraignment and any other future hearings thereafter. I told him the County Attorney would open his files and give him any information, including the names of witnesses that the State knew of and for him to fully explain to the defendant all of his legal rights before he could be arraigned in District Court.

Later, after John S. Kerr, Attorney, appeared with Harvey E. Whiteside at his preliminary hearing, he, the defendant, Harvey E. Whiteside, appeared before my Court with John S. Kerr, Attorney, with the County Attorney, the Court Clerk, and others; the Attorney, John S. Kerr, in my presence carefully advised him of his right to a jury trial, a right to additional time before entering his plea if he desired, the nature of the offense and the possible punishment that under the law the Court could give him if he entered a plea of guilty.

After this the Court, being certain that the defendant was competent in the legal sense, and fully able to advise with and aid if necessary in his defense, the Court again went over the nature of the offense with the defendant and advised him of his right to a jury trial, a right to additional time before entering his plea, and the defendant told me that he waived his right to a jury trial and waived his right to additional time in which to plead, whereupon the Court asked the defendant if he knew in entering his plea of guilty to the offense of murder that he was admitting he had done what the State charged him with; the Court asked him if he further understood that if he entered a plea of guilty to this offense that the only punishment under the law was a death sentence or a life sentence to the Oklahoma State Penitentiary; the defendant said he fully understood this.

Whereupon the Information was read by the County Attorney and the defendant, with his attorney beside him, told the Court that he was entering his plea of guilty, and after being advised by the defendant that he wanted no more time before sentence, the Court sentenced him to the Oklahoma State Penitentiary to serve the remainder of his natural life.

(s) WELDON FERRIS<br>District Judge.

# IN THE DISTRICT COURT IN AND FOR JACKSON COUNTY, OKLAHOMA

STATE OF OKLAHOMA

VS                                        Case No. 2235

HARVEY E. WHITESIDE

### DISTRICT COURT MINUTE

September 18, 1964

Court appointed John S. Kerr attorney. Thereafter, State appeared by County Attorney, Loys Criswell. Defendant appeared in person and by court appointed attorney, John S. Kerr. County Attorney reads the information. Defendant states name correct on Information. Defendant advised of all legal rights, right of trial by jury and right of additional time to plead. Defendant waives all rights. Defendant enters plea of guilty. Judgment and Sentence of the Court that Harvey E. Whiteside be sentenced for the balance of his natural life at Oklahoma State Penitentiary at McAlester, Oklahoma.

---

| RYAN KERR | | JOHN S. KERR |
| RESIDENCE PHONE | | RESIDENCE PHONE |
| HU 2-3764 | LAW OFFICES | HU 2-0635 |

## KERR AND KERR

ATTORNEYS AT LAW
512 N B C BUILDING
PHONE HU 2-3204 — P. O. BOX 698
ALTUS, OKLAHOMA

September 1, 1966

### AFFIDAVIT

STATE OF OKLAHOMA
                    ss
COUNTY OF JACKSON

John S. Kerr, of lawful age and after being duly sworn, on oath states: That I am a duly licensed and practicing attorney in the State of Oklahoma and a member in good standing of the Oklahoma Bar Association; that on the 18th day of September, 1964, I was appointed by the District Court of Jackson County, Oklahoma, to represent Harvey E. Whiteside on a charge of murder filed by the County Attorney of Jackson County, Oklahoma; that I counseled extensively with and advised the accused, Harvey E. Whiteside, of all his constitutional rights and after being fully advised of the same, the accused stated to me that he desired to enter a plea of guilty as charged; that I read to the said Harvey E. Whiteside the confession made by him and given to the County Attorney and was advised by the accused that all the statements therein contained were true and correct; that I appeared with the said Harvey E. Whiteside before the Justice of the Peace when preliminary hearing was waived and that I appeared with the said Harvey E. Whiteside when he entered his plea of guilty and was sentenced by the District Judge of Jackson County, Oklahoma, to life imprisonment.

Dated this 1st day of September, 1966.

(s) JOHN S. KERR
John S. Kerr

STATE OF OKLAHOMA  } ss
JACKSON COUNTY

2235

## AFFIDAVIT

Loys Criswell, of lawful age, being first duly sworn, deposes and says as follows: I am now County Attorney of Jackson County Oklahoma and was such at 5:00 PM on the 16th day of September 1964, when Harvey E. Whiteside was arrested by the Sheriff of Jackson County Oklahoma for the Crime of Murder.

On the morning of September 17, 1964, Harvey E. Whiteside signed a confession to the Murder of Sebastian Delarosa, a copy of said confession is attached hereto and made a part of this affidvait. On the morning of September 17, 1964, in the presence of Harvey E. Whiteside, Joe Azuna and Lee Stalling signed statements as eye witnesses to the shooting of Delarosa by Harvey E. Whiteside. Both statements hereto attached and made a part of this affidavit.

On the 18th day of September, 1964, the District Court appointed John S. Kerr to represent Harvey E. Whiteside. The confession and statements attached were furnished John S. Kerr and Harvey E. Whiteside and admitted to be accurate and voluntary by Harvey E. Whiteside, John S. Kerr advised with Harvey E. Whiteside until both announced their desire to plead before the District Court. Preliminary Hearing was waived and Information filed in District Court.

Both John S. Kerr and District Judge Weldon Ferris informed the Defendant of his constitutional rights before a plea was entered. Thereafter the Defendant entered a plea of guilty to Murder and was thereafter duly sentenced by the Court.

LOYS CRISWELL
COUNTY ATTORNEY