John B. NOBLE, Petitioner,

v.

Ray H. PAGE, Warden, Respondent.

No. A–14138.

Court of Criminal Appeals of Oklahoma.

Jan. 18, 1967.

John B. Noble, pro se.

Charles Nesbitt, Atty. Gen., State of Oklahoma, for respondent.

BUSSEY, Judge.

This is an original proceeding in which petitioner seeks his release from confinement in the State Penitentiary at Mc-Alester, where he is currently incarcerated under authority and by virtue of a judgment and sentence rendered against him in the District Court of Washington County, Case No. 3860.

Petitioner contends that the judgment and sentence rendered on his plea of guilty is null and void in that he was not represented by counsel at any stages of the proceedings. Attached to petitioner's application for habeas corpus are the Minutes of the court, the Information, and the Judgment and Sentence. The Judgment and Sentence on Plea of Guilty, reads in part:

"Now on this 16th day of June, 1965, * * *, and the defendant, John B. Noble being personally present in open court, and having waived his right to be represented by an attorney, and having been legally charged with the offense of Burglary in the Second Degree and having been duly informed of the nature of the charge and having been duly arraigned thereon, and having duly and properly entered his plea of guilty to the crime of Burglary in the Second Degree after having been fully advised of his rights and the effect of such plea; and the defendant having been asked by the court whether he has any legal cause to show why judgment and sentence should not be pronounced against him and he stating no sufficient cause why judgment and sentence should not be pronounced against the defendant, and none appearing to the court, it is the judgment of the court that said defendant is guilty of the crime of Burglary in the Second Degree. * * *"

It is clear from the records attached to the petitioner's application for habeas corpus, that the petitioner's allegation is completely without merit. In Huggins v. State, Okl.Cr., 388 P.2d 341, this Court said:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and an application for Habeas Corpus will be Denied."

On the record before us, and under the authority of Huggins v. State, supra, we are of the opinion that the writ prayed for should be, and the same is hereby, denied. Writ denied.

NIX, P. J., and BRETT, J., concur.