**Wallace Elwood BARNES, Petitioner,**

v.

**DISTRICT COURT OF GARVIN COUNTY, and the State of Oklahoma, Respondents.**

**No. A–14108.**

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1967.

Wallace Elwood Barnes, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Presiding Judge:

This is an original proceeding in which petitioner seeks his release from confinement in the State Penitentiary at McAlester, where he is currently incarcerated under authority and by virtue of a judgment and sentence rendered against him in the District Court of Garvin County, Oklahoma, case #3035.

Petitioner alleges that the judgment and sentence is null and void in that he was not represented by counsel, although he requested an attorney; and that his plea of guilty was entered under duress and threats from the County Attorney's office.

However, the record attached to the Response filed by the Attorney General's office, reflects that such is not the case.

The trial judge was very careful to see that the defendant was afforded all of his constitutional rights, as follows:

"EXAMINATION BY THE COURT:

Q. The State of Oklahoma vs. Wallace Elwood Barnes. You are Wallace Elwood Barnes?

A. Yes, sir.

Q. That is your true and correct name?

A. Yes, sir.

Q. Mr. Barnes, you have been brought into Court to be arraigned on an information charging you with obtaining property by false pretense. Do you have an attorney?

A. No, sir.

Q. Is your home here in Pauls Valley?

A. It's in Cushing, Oklahoma.

Q. Mr. Barnes, would you have means to employ counsel if you desired counsel?

A. No sir.

Q. In other words, you do not care to have counsel?

A. No, sir.

Q. You understand that the Court would appoint one for you if you would request counsel?

A. Yes, sir.

Q. How old are you, sir?

A. 32.

Q. The purpose of an arraignment is to give the person charged the opportunity to enter a plea to the charge. You have a right to take 24 hours, if you desire, before entering any plea to the charge, or if you wish, you may waive that period and enter a plea at this time. You may enter a plea of not guilty and have your bond fixed; and upon making bond, be at liberty until such time as the case may

be tried before a jury. At that time you'd be entitled to all the rights given you by the Constitution of the United States and the State of Oklahoma, including the right of trial before a jury, to the presumption of innocence until such time as your guilt might be proven beyond a reasonable doubt by competent evidence. At the trial you'd be entitled to have the state produce witnesses to testify in open court. You would have a right to cross-examine those witnesses, the right to produce evidence and testimony upon your own behalf, including your own right to testify if you desire to do so, but you could not be compelled to take the stand and testify; or if you wish, you may enter a plea of guilty, which is admission that you did do the act charged.

A. I plead guilty.

Q. Mr. Barnes, first you wish to waive the 24-hour period that the law gives you before entering any plea?

A. Yes, sir.

Q. You will waive that time? You wish to enter a plea now, and you say you wish to enter a plea of guilty?

A. Yes, sir.

Q. You realize that a plea of guilty is admission that you did do the act charged?

A. (Defendant nods his head affirmatively).

Q. Mr. Barnes, are you aware of everything as set forth in the Information?

A. Yes, sir.

Q. You are charged, with on or about the 27th day of September of this year, of having obtained one '62 Mercury automobile from R. C. Maxwell by means of false representations with the intent upon your part to deceive and to cheat and defraud R. C. Maxwell out of said '62 Mercury automobile. Now, when you enter a plea of guilty, you are admitting all those things.

A. (Defendant nods his head affirmatively).

Q. Mr. Barnes, when you say you wish to enter a plea of guilty, is it because, the only reason is because, you feel that you are guilty?

A. Yes, sir.

Q. And this is a free and voluntary act on your part?

A. Yes, sir.

Q. You have been treated fairly by the officers of this County?

A. (Defendant nods his head affirmatively).

Q. And all the officers concerned?

A. Yes, sir.

Q. And you make the plea with full knowledge of all facts?

A. Yes, sir.

Q. Is there anything that you might like to ask the court or the Assistant County Attorney concerning this matter at this time?

A. No, sir.

Q. You wish the court to accept your plea?

A. Yes, sir.

\* \* \* \* \* \*

BY THE COURT: The court will accept your plea, and it will be the judgment and sentence of the court that the defendant, Wallace Elwood Barnes is guilty upon his plea of obtaining property by false pretenses. Mr. Moody, does your office desire to make any recommendation as to punishment?

BY MR. MOODY: In view of the fact that he is cooperating with us this far along, I'm going to recommend a sentence of three years in the State Penitentiary.

BY THE COURT: Mr. Barnes, at this time, also, the Court would like to advise you that you'd have a right to take at least 48 hours, if you desired, before the Court pronounced sentence in the case; or if you wish, you may ask the Court

to waive that waiting period and ask that the court sentence you at this time.

A. I'll take the sentence now.

BY THE COURT: Mr. Barnes, is there anything that you might wish to state to the court before the court pronounces judgment and sentence?

A. No, sir."

The trial judge further advised him of his right to appeal. However, although defendant did write from the penitentiary to the District Court stating that he intended to appeal, and requesting that an appeal bond be set, he further filed a paupers oath, which is somewhat contradictory.

█ Never did defendant request that the district court appoint an attorney to represent him, nor was a request to withdraw his plea of Guilty ever filed. There would be no actual appeal from a plea of guilty unless a request to withdraw same and substitute a plea of not guilty had been presented to the District Court within Ten Days of judgment and sentence. If this had been done, and denied, defendant could then appeal to this Court.

█ However, this Court has repeatedly held, as in the Huggins v. State, Okl.Cr., 388 P.2d 341:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and an application for Habeas Corpus will be Denied."

On the face of the record before us, we are of the opinion that the writ prayed for should be, and the same is, hereby denied.

BUSSEY and BRETT, JJ., concur.