Robert Dale HUDSON, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14127.

Court of Criminal Appeals of Oklahoma.

Feb. 15, 1967.

George Briggs, Shoemake & Briggs, Pawhuska, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

NIX, Presiding Judge:

Plaintiff in Error, Robert Dale Hudson, plead Guilty in the District Court of Osage County, Oklahoma, to the crime of Burglary Second Degree, and was sentenced to Three Years in the penitentiary. He has attempted to appeal to this Court by transcript.

This cause was filed on November 18, 1966, and a brief from Plaintiff in Error was due within Thirty Days thereafter. None having been filed within the time allowed by law, and the rules of this Court; or any valid extension thereof, this cause was summarily submitted on December 29, 1966, as provided in Rules 6 and 9 of this Court, 22 O.S.A. c. 18 Appendix, for examination for fundamental error only. See Ashby v. State, Okl.Cr., 406 P.2d 1007; and, Fryar v. State, Okl.Cr., 385 P.2d 818.

We have carefully considered the record before us, and the only question that could be considered by this Court is that the defendant was not represented by counsel when he entered his plea of guilty. The record reflects that on the 17th of May, 1966, defendant appeared in open court, without counsel, but accompanied by his parents. The trial court advised him of his constitutional rights and to his right to be represented by counsel, and the county attorney advised the defendant and his parents of his constitutional rights and of his right to counsel. The defendant, after having been advised of his rights, and the consequences of entering a plea to said charge, waived his rights to be represented by counsel, time to plea, and voluntarily entered a plea of guilty with full knowledge of the consequences of such plea and with the advice and consent of his parents.

The trial court set the date for judgment and sentence for the 18th day of May, 1966, at which time witnesses were sworn, and at the conclusion of the testimony of said witnesses (which is not before the Court) the trial court entered judgment and sentence fixing the defendant's punishment at three years in the state penitentiary. There-

after, on the 20th of May, 1966, the defendant, employed an attorney, and filed a Motion in Arrest of Judgment seeking to withdraw the plea of guilty previously entered and requesting that the trial court either dismiss said charge, or in the alternative, remand said cause to the Justice of the Peace for a preliminary hearing. Hearing was heard on said Motion and at the conclusion of said hearing the Motion was overruled. Thereafter, on the 8th day of June, 1966, defendant filed a Motion for New Trial, making the identical request as that contained in the Motion in arrest of judgment, to-wit: that the defendant had been denied his constitutional rights to be represented by counsel and that he had not voluntarily and knowingly entered a plea of guilty to said charge with full knowledge of the consequences of said plea. In the State's Response to the Motion in arrest of judgment, these allegations were specifically denied. Hearing was held, and the trial court overruled the Motion for New Trial.

We have carefully reviewed the records and are of the opinion that the defendant knowingly and intelligently waived his constitutional rights to a jury trial, to be represented by counsel, and voluntarily entered a plea of guilty with full knowledge of the consequences of such plea, and with the advice of his parents. It is well settled that:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right, and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and the judgment and sentence appealed from will be affirmed."

See, Huggins v. State, Okl.Cr., 388 P.2d 341; Townsend v. State, Okl.Cr., 411 P.2d

559; and, Hanson v. State, Okl.Cr., 414 P. 2d 718.

The judgment and sentence appealed from is accordingly

Affirmed.

BUSSEY and BRETT, JJ., concur.