**Bernie George WALKER, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–14128.**

Court of Criminal Appeals of Oklahoma.

March 1, 1967.

Shoemake & Briggs, Pawhuska, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BUSSEY, Judge.

Bernie George Walker was charged by information in the District Court of Osage County with the offense of Burglary in the Second Degree. On the 17th day of May, 1966, he appeared in open court, without counsel, but accompanied by his parents. The trial court advised him of his constitutional rights and to his right to be represented by counsel, and the County Attorney advised the defendant and his parents of his constitutional rights and of his right to counsel. The defendant, a Negro youth of the age of 18 years, and a sophomore in the Hominy High School, after having been advised of his rights and the consequences of entering a plea of said charge, waived his rights to be represented by counsel, time to plea, and voluntarily entered a plea of guilty with full knowledge of the consequences of such plea and with the advice and consent of his parents.

The trial court set the date for judgment and sentence for the 18th day of May, 1966, at which time witnesses were sworn and at the conclusion of the testimony of said witnesses, the trial court entered judgment and sentence fixing the said Bernie George Walker's punishment at three years imprisonment in the State Penitentiary at McAlester.

Thereafter, on the 20th day of May, 1966, the defendant, by and through his attorney, filed a Motion in Arrest of Judgment seeking to withdraw the plea of guilty previously entered and requesting that the trial court either dismiss said charge, or in the alternative, remand said cause to the Justice of the Peace for a preliminary hearing. Hearing was heard on said Motion and at the conclu-

sion of said hearing, the Motion was overruled.

Thereafter, on the 8th day of June, 1966, the defendant filed a Motion for New Trial, making the identical request as that contained in the Motion in Arrest of Judgment, to-wit: that the defendant had been denied his constitutional rights to be represented by counsel and that he had not voluntarily and knowingly entered a plea of guilty to said charge with full knowledge of the consequences of said plea. In the State's Response to the Motion in Arrest of Judgment, these allegations were specifically denied. On the 8th day of June, 1966, hearing was held on the Motion for New Trial, and at the conclusion of said hearing, the trial court overruled the Motion for New Trial, and a timely appeal has been perfected to this Court.

██ No briefs having been filed in support of the Petition in Error, within the time prescribed by law and the rules of this Court, or any valid extension thereof, this case was summarily submitted on December 29, 1966, under Rule 6 of this Court, 22 O.S. A. c. 18 Appendix, which provides, in part:

" * * * in causes appealed from a conviction for a felony, counsel for plaintiff in error shall serve his brief upon the Attorney-General within thirty days from the date of filing his petition in error, and shall in appeals from both misdemeanor and felony cases, at the time of service on the Attorney-General, file five copies of said brief with the Clerk of this Court. * * * In all cases where no brief is filed by plaintiff in error within thirty days after filing his petition in error, and no extension of time to file brief is granted, the Court may summarily submit the cause without notice to counsel for plaintiff in error, for decision and without placing the case on the docket for oral argument as provided under Rule 9."

██ We have carefully reviewed the records and are of the opinion that the defendant knowingly and intelligently waived his constitutional rights to a jury trial, to be represented by counsel, and voluntarily

entered a plea of guilty with full knowledge of the consequences of such plea and with the advice of his parents. It is well settled that:

"Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and the judgment and sentence appealed from will be affirmed.

See Townsend v. State, Okl.Cr., 411 P.2d 559; Huggins v. State, Okl.Cr., 388 P.2d 341; Hanson v. State, Okl.Cr., 414 P.2d 718.

The judgment and sentence appealed from is accordingly affirmed.

BRETT, J., and NIX, P. J., concur.