**Patrick Joseph STEPANICK, Petitioner,**

v.

**Warden Ray H. PAGE, and State of Oklahoma, Respondents.**

**No. A–14614.**

Court of Criminal Appeals of Oklahoma.

Aug. 7, 1968.

Patrick Joseph Stepanick, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

## MEMORANDUM OPINION

LERBLANCE, Referee.

This is an original proceeding in which Patrick Joseph Stepanick seeks his release from the Oklahoma State Penitentiary by a writ of habeas corpus. Petitioner alleges that his present incarceration under authority of judgement and sentence from Oklahoma County for carrying a concealed weapon after a former conviction is invalid since his former conviction resulted from the denial of right to counsel.

The United States Supreme Court in the recent case of Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, decided November 13, 1967, held in effect that a prior conviction where the defendant was denied his right to an attorney could not be introduced in a subsequent prosecu-

tion to increase punishment. The Supreme Court stated:

"Gideon v. Wainwright established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications. * * * In this case the certified records of the Tennessee convictions on their face raise a presumption that petitioner was denied his right to counsel in the Tennessee proceedings, and therefore that his conviction was void. Presuming waiver of counsel from a silent record is impermissible. * * * To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense is to erode the principle of that case. * * * Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that Sixth Amendment right."

In the instant case we find that Petitioner was sentenced to two years in the penitentiary on a plea of guilty to the charge of burglary of a vending machine from the District Court of Comanche County, State of Oklahoma, on September 28, 1964, Case No. 4496. It is this conviction, which Petitioner alleges was defective, that forms the basis of the Oklahoma County sentence which Petitioner is now serving.

Upon review of the record we find the allegation of Petitioner without merit for the reason that the minutes of the clerk of Mayes County in Case No. 4496, State v. Stephanick, and the judgment and sentence in said case affirmatively show that Petitioner waived his right to counsel after being advised of such. The minutes state in relevant part:

"Deft. Patrick J. Stephanick present in person before the court of arraignment, without attorney, reading of information,

rights explained fully by the court as to the nature of the offense charged, his right to an attorney to advise him, his right to time in which to plea, being so advised by the court Deft. states he does not desire an attorney, that he waives time in which to plead, that he waives trial by jury; and enters his plea of guilty as charged in the information herein; * *."

 Accused may waive counsel and enter a plea of guilty and in doing so satisfy the requirement of United States and Oklahoma Constitutions. Barnes v. District Court of Garvin County, Okl.Cr. App., 423 P.2d 892. Since Petitioner was advised of his right to counsel and affirmatively waive such right he can not now raise lack of counsel as a basis for attacking the use of that conviction in a subsequent prosecution.

For the foregoing reasons the writ of habeas corpus is denied.

Approved by the court.