**James M. HURLEY, Petitioner,**

**v.**

**STATE of Oklahoma, and Ray H. Page, Warden, Oklahoma State Penitentiary, Respondents.**

**No. A–14902.**

Court of Criminal Appeals of Oklahoma.

Feb. 12, 1969.

James M. Hurley, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

PER CURIAM:

This is an original proceeding in which James M. Hurley has petitioned this court for a writ of habeas corpus. Petitioner alleges that he is entitled to a reconsideration of his case and that the judgment and sentence pronounced after former conviction of a felony is illegal since he was not represented by counsel at the time of his former conviction.

It appears that Petitioner is presently incarcerated in the Oklahoma State Penitentiary under authority of judgment and

sentence imposed on June 10, 1965, in the District Court of Pittsburg County, Oklahoma, Case No. 5975, on his conviction of forgery in the second degree, after former conviction of a felony, sentencing him to twelve years imprisonment. Subsequently, that conviction was appealed to this court and the same was affirmed on July 27, 1966. Hurley v. State, Okl.Cr.App., 416 P.2d 967.

It is Petitioner's first contention that he is entitled to a reconsideration of this judgment and sentence in that he was denied the effective assistance of counsel both at his trial and on his appeal. In affirming his conviction this court in essence noted that Petitioner had been adequately represented by counsel. This court said in its opinion regarding Petitioner's attorney in Hurley v. State, 416 P.2d, at 972:

> "This attorney filed and presented a motion for a new trial, and perfected the appeal to this Court. He filed an excellent brief in behalf of the defendant, and appeared and ably argued the case before this Court."

■ Thus, in view of this court's opinion in affirming Petitioner's conviction it is apparent that Petitioner's unsupported allegation of inadequate counsel does not indicate that his counsel made the proceedings against him a farce and mockery of justice, shocking to the conscience of the court, which is necessary to support a charge of inadequate legal representation. Goodwin v. Page, Okl.Cr.App., 444 P.2d 833.

■ Furthermore, we rejected Petitioner's second contention that the judgment and sentence which he is presently serving is illegal in that he was not represented by counsel at the time of his former conviction of a felony. Petitioner's former conviction of a felony was from Pittsburg County, Oklahoma, Case No. 5070, wherein he was sentenced to two years imprisonment for the crime of burglary in the second degree on July 12, 1950. The court minutes in Pittsburg County, Case No. 5070 dated July 8, 1950, indicate that Petitioner appeared in court without counsel, but that the accused did not want an attorney appointed by the court after being advised the court would appoint one for him.

In Barnes v. District Court of Garvin County, Okl.Cr.App., 423 P.2d 892, this court held in its syllabus as follows:

> "Where the record affirmatively shows that an accused knew and understood his right to counsel and competently and intelligently waived this right and entered a plea of guilty, with full knowledge of the consequences of such plea, the requirements of the Fourteenth Amendment of the Constitution of the United States making obligatory the provisions of the Sixth Amendment of the Constitution of the United States upon the states have been fully complied with and an application for habeas corpus will be Denied."

In the instant case it appears that Petitioner voluntarily entered a plea of guilty to the charge of second degree burglary in Pittsburg County, Case No. 5075, and after being advised of his right to counsel, and the appointment of such counsel if necessary. He waived this right. Thus we find no irregularity in the judgment and sentence rendered on the former conviction.

It is also noted from the casemade that in the second stage of the proceedings in Case No. 5975 charging Petitioner with forgery in the second degree after former conviction of a felony, that Petitioner's counsel interrupted the presentation of evidence by the state and voluntarily entered a plea of guilty to the charge of a former conviction of a felony.

Therefore we find that under the facts alleged Petitioner is not entitled to a writ of habeas corpus and the same is hereby denied. Writ denied.

This application was assigned to the Referee, Mr. PENN LERBLANCE, by the Presiding Judge of this Court. The foregoing findings of fact and conclusions of law were submitted by the Referee and approved and adopted by the Court.