Erick **GRIFFIN**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. PC–75–509.

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1975.

---

ORDER REVERSING DISTRICT COURT'S DENIAL OF POST CONVICTION RELIEF, VACATING THE JUDGMENT AND SENTENCE RENDERED IN THE CHOCTAW COUNTY DISTRICT COURT CASE NO. 3578, DIRECTING THE CHOCTAW COUNTY COURT CLERK TO ENTER AN ORDER OF VACATION UPON THE MINUTES AND FURTHER DIRECTING THAT THE PARDON AND PAROLE BOARD AND THE DEPARTMENT OF CORRECTIONS EXPUNGE FROM THEIR RECORDS THE JUDGMENT AND SENTENCE RENDERED IN CHOCTAW COUNTY DISTRICT COURT CASE NO. 3578 AGAINST ERICK GRIFFIN

This is an appeal from an Order of the Choctaw County District Court denying post conviction relief. The Appellant, Erick Griffin, was sentenced by the Choctaw County District Court, in Case No. 3578, to serve three (3) years imprisonment in the State Penitentiary at McAlester, Oklahoma, on the 21st day of May, 1964. The judgment and sentence entered against the Appellant was on a plea of guilty and the Appellant was transferred to the State Penitentiary where he completed said sentence. In his application for post conviction relief in the Choctaw County District Court, Appellant asserted that the judgment and sentence rendered against him in Case No. 3578 on the 21st day of May, 1964, was void for the reason that the record failed to disclose that he was represented by counsel or advised by the court of his right to counsel and had effectively waived the same. Since the judgment and sentence rendered in Case No. 3578 had been satisfied, the District Court in and for Choctaw County ruled that the application for post conviction relief seeking to set aside the judgment and sentence was moot.

To the extent that the judgment and sentence had been satisfied and the Appellant could not thereafter be tried and punished for the same offense, the trial court's ruling was correct; however, the record of the trial court failed to establish that the Appellant was advised of his right to counsel and knowingly and intelligently waived this right and freely and voluntarily entered a plea of guilty with full knowledge of the nature and consequence of said plea, and the record is not supplemented by evidence, testimony or otherwise, which affirmatively shows that the Appellant had been advised of his constitutional rights to counsel, etc. It is, therefore, our opinion that this issue should have been resolved since the validity of that conviction could form the basis for enhancement of punishment on subsequent convictions. We stated in *Huggins v. State,* Okl.Cr., 388 P.2d 341,

citing the decisions of the Supreme Court of the United States, as follows:

" . . . For as was said in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 . . . :

'The provision in the Sixth Amendment that in all Criminal prosecutions the accused shall enjoy the right to have the assistance of counsel for his defense requires that in Federal Courts counsel must be provided for defendants unable to employ counsel unless the right is competently and intelligently waived.'

'A provision of the Bill of Rights which is fundamental and essential to a fair trial is made obligatory upon the states by the Fourteenth Amendment; the Sixth Amendment's guaranty of counsel is one of these fundamental rights.'

"And further in *Carnley v. Cochran* [369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70] . . . :

'Presuming waiver of counsel from a silent record is impermissible. To sustain a claim that counsel was waived, the record must show, or there must be an allegation and evidence which show, that the accused was offered counsel but intelligently and understandingly rejected the offer.' "

In light of the authorities above set forth, we are of the opinion that the judgment and sentence rendered against Erick Griffin in Choctaw County District Court Case No. 3578 is void, and the trial court is directed to file in said case a copy of this Order setting aside this conviction and holding the same void. The Pardon and Parole Board and the Department of Corrections are hereby directed to expunge from the record any reference to the judgment and sentence rendered in the Choctaw County District Court, Case No. 3578.

In our holding today, we are of the opinion that a judgment and sentence rendered on a plea of guilty, or a finding of guilt by a jury, wherein the Appellant was convicted of a criminal offense and the punishment enhanced *solely* on the basis of his prior conviction in Choctaw County District Court Case No. 3578, should be modified as if the Appellant had not sustained the Choctaw County conviction. If the Appellant has sustained a conviction, or convictions, subsequent to the Choctaw County conviction, and his punishment has been enhanced solely on the basis of the Choctaw County ́conviction, he must challenge the judgment and sentence, or judgments and sentences, in the District Court of the county wherein such subsequent conviction, or convictions, was or were, sustained, under the provisions of 22 O.S. Supp.1974, § 1080 et seq.

Nothing, however, in this Order shall be construed as requiring a modification, in post conviction proceedings, of any judgment and sentence sustained after the 1964 conviction in Choctaw County Case No. 3578, when the Appellant was found guilty ́of an offense after former conviction of a felony IF a felony, or other felonies other than the Choctaw County conviction are relied on to enhance punishment.

The District Court of Choctaw County is directed to enter a copy of this Order in Choctaw County District ·Court Case No. 3578, vacating the judgment and sentence, and the Court Clerk of Choctaw County is directed to enter appropriate minutes reflecting that this Court has vacated the judgment and sentence in Choctaw County District Court Case No. 3578.

The Clerk of this Court is directed to transmit to the Warden of the State Penitentiary, the Pardon and Parole Board, the Department of Corrections, the District Court of Choctaw County, the Court Clerk of the Choctaw County District Court, and the Appellant, a copy of this Order.

It is so ordered.

Witness our hands, and the Seal of this Court, this 18 day of September, 1975.

TOM BRETT, P. J.
HEZ J. BUSSEY, J.
C. F. BLISS, Jr., J.